**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Mary Ann Whipple
United States Bankruptcy Judge

**Dated: February 20 2013**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| In Re: ) | Case No. 12-34424 |
| ) | |
| Fremont Hospitality Group, LLC, ) | Chapter 11 |
| ) | |
| Debtor and Debtor-in-Possession. ) | |
| ) | JUDGE MARY ANN WHIPPLE |

### ORDER OF DISMISSAL

On January 28, 2013, the court entered its Order to Show Cause why this case should not be dismissed following Debtor's failure to file an Amended Plan and an Amended Disclosure Statement by January 24, 2013, as required by the court's prior order entered on January 11, 2013. The Order to Show Cause set a hearing for January 31, which date had previously been set for consideration of the amended documents due but not filed on January 24.[1] The court held the hearing on the first Order to Show Cause on January 31. While Debtor addressed the material filing omissions in part by filing an amended form of proposed disclosure statement approximately an hour before the hearing on January 31, 2013, a proposed amended plan had still not been filed.

Moreover, at the hearing on January 31, other material case problems and deficiencies were raised, specifically an NSF check having been tendered for December 2012 hotel/motel bed taxes, the replacement

---

[1] The Order to Show Cause was amended on January 29, 2013, to correct the hearing time.

for which had not yet cleared, and the financial reports for the months of October through December, 2012, not having been filed. Other matters requiring Debtor's immediate attention included the UST's quarterly fee payment due January 31 and, most critically of all, the Sandusky County real property taxes for the 1st half of 2012 in the amount of $20,192.82 due February 8, 2013. The court found that Debtor's failure to address any of these matters were material case deficiencies that would justify and, in the court's view, require dismissal.

The court therefore orally adjourned the show cause hearing to February 8, 2014, during the hearing on January 31, 2013, for the purpose of addressing all of these issues. The court entered on February 1, 2013, its Second Amended Order to Show Cause on Dismissal. [Doc. # 61]. The second amended show cause order included all of the material case matters requiring resolution, and absent resolution the court indicated Debtor must show cause why the case should not be dismissed for cause and want of prosecution and with sanctions on refiling pursuant to 11 U.S.C. § 109(g). [*Id.*]. Specifically, the court specified the following material matters as requiring resolution by specific deadlines and set a further hearing thereon for February 14, 2013:

> 1. An NSF check having been tendered for the December 2012 county bed taxes, the replacement check must not be returned NSF.
> 2. The missing financial reports for the months of October through December, 2012, must be filed by February 13, 2013, at 4:00 p.m.
> 3. The quarterly fee payment to the UST due January 31, 2013, must be paid;
> 4. The Sandusky County real property taxes for the 1st half of 2012 in the amount of $20,192.82 due February 8, 2013, must be timely paid.
> 5. An amended plan must be filed by February 8, 2013.

[*Id.*].

The court held the further show cause sue hearing on February 14, 2013. Counsel for Debtor, for the United States Trustee for Region 9, for Sandusky Township and the Sandusky County Auditor and for the State of Ohio Department of Taxation and other agencies all appeared by telephone at the hearing.

Prior to the hearing, the missing operating reports were filed. The replacement check for the NSF check for Sandusky Township bed taxes also cleared and the quarterly fee payment to the United States Trustee was made. However, while counsel for Debtor reported that a check was in the mail and counsel for the county indicated that a copy of a check for the taxes had been faxed, the Sandusky County, Ohio real property taxes for the first half of 2012 in the amount of $20,192.82 that were due on February 8, 2013, had not been paid. And even if a check was subsequently received and cleared, the payment would nevertheless be late and penalties and interest had thus begun to accrue. Likewise, no amended plan had

been filed, with the existing plan subject to multiple objections and clearly unconfirmable as proposed. Counsel indicated that in the absence of the required real property tax payment the considerable resources required to amend the proposed plan would not have been sensibly expended.

In the context of this case, the court finds cause for dismissal based on these two material deficiencies. *See* 11 U.S.C. §§ 105(a); 1112(b)(1) and (b)(4)(E), (I) and (J). As pertinent here, cause for dismissal under § 1112 expressly includes the failure to comply with an order of the court, failure timely to pay taxes owed after the date of the order for relief and failure to file a plan within the time fixed by court order. [*Id.*]. The court finds that all three causes have occurred, the most serious being the failure to timely pay the Sandusky County real property taxes due on February 8, 2013, in the amount of $20,192.82.

This is the second Chapter 11 case filed by Debtor. The first, Case No. 12-31969 in this court, was commenced on April 25, 2012, and dismissed on August 10, 2012. The reasons for dismissal of the first case included failure to file monthly financial reports and to submit other requested information to the United States Trustee, non-appearance at the meeting of creditors and apparently incomplete and misleading schedules. This case was then commenced on September 28, 2012. A claims bar date of November 20, 2012, was set. By the claims bar date, only seven claims had been filed, all of which were the priority and/or secured claims of government and taxing authorities. Of particular relevance, the Sandusky County Auditor filed a claim for hotel/motel bed taxes in the amount of $85,583.59 that had been collected and not remitted and the Sandusky County Treasurer filed a claim for delinquent real property taxes in the amount of $324,230.32.

As Debtor's failure to pay taxes is what directly resulted in two Chapter 11 filings, payment of post-petition taxes is the most critical aspect of both Debtor's post-petition operations and its ability to demonstrate that moving forward it will be in a position to perform a plan by both timely paying taxes as they become currently due as well as making plan payments to catch up on the substantial delinquent taxes within 5 years. *See* 11 U.S.C. § 1129(a)(9)(C). In this light, no reasonable justification has been shown or even argued for the failure to pay timely the real property taxes due on February 8, 2013. That a "check is in the mail" does not amount to a reasonable justification for the non-payment given that there have been two Chapter 11 cases for this Debtor within 10 months and that the non-payment of real property taxes and the diversion of collected bed taxes is the main issue in the case. And given that the Sandusky governmental creditors hold the most significant of the seven filed claims in the case, all by governmental entities, and that they support dismissal, no unusual circumstances have been identified that establish dismissing the case

is not in the best interests of creditors and the estate. Nor in the absence of an amended plan, [*see* Doc. ## 16, 42, 51, 54, 55 and 61], and the timely payment of the real property taxes due February 8, 2013, is there any reasonable likelihood that a plan will be confirmed within a reasonable time. *See* 11 U.S.C. § 1112(b). As no general unsecured creditors have filed claims and the governmental authorities that have filed claims have special state law statutory protections, the court finds that there is no basis to convert the case to one under chapter 7 or to appoint a trustee to administer the estate in lieu of dismissal. However, given the effort to comply and the compliance with three of the five directives of the court, the court does not find a willful disregard of the orders of the court such that it would be appropriate to impose sanctions on refiling under § 109(g). *See* 11 U.S.C. § 109(g).

Based on the foregoing and for the reasons otherwise stated on the record by the court at the hearing,

**IT IS THEREFORE ORDERED** that this case be, and it hereby is, **DISMISSED**, without prejudice; and

**IT IS FURTHER ORDERED** that Debtor shall pay all outstanding court costs and fees due to the United States Trustee pursuant to 28 U.S.C. § 1930 within 28 days of receipt of an invoice for same; and

**IT IS FINALLY ORDERED** that the Clerk shall give notice of this order and dismissal of this case to all creditors and parties in interest.

###